UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-813-CHB-CHL

PAULA ROBERSON,                                                           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,                 Defendant.

## REPORT & RECOMMENDATION

Before the Court is the Application to Proceed in District Court Without Prepaying Fees or Costs (DN 3) of Plaintiff, Paula Roberson ("Roberson"), to proceed without prepayment of costs and fees in her action for social security benefits pursuant to 28 U.S.C. § 1915.

On November 8, 2019, Roberson brought suit against the Commissioner to obtain review of a decision that denied her application for disability insurance benefits under Titles II and XVI of the Social Security Act. (DN 1.) She now claims that pursuant to 28 U.S.C. §1915(a) that she is unable to pay the costs of these proceedings. Review of Roberson's application, however, persuades the Magistrate Judge to conclude otherwise based on the monthly income of her spouse in comparison to the couple's identified monthly expenses.

I.        LEGAL STANDARD

Section 1915(a) provides that the Court may authorize the commencement of a civil suit without prepayment of fees if a person submits "an affidavit that includes a statement of all assets such [person] possesses" and demonstrates the inability to pay the required fees. *Id.* at § 1915(a). The opportunity to proceed *in forma pauperis* ("IFP") in a civil action in federal court is not a right, but rather a privilege or favor granted by the government. *Hasselback v. Comm'r of Soc. Sec.*, No. 3:17-cv-307-CRS, 2017 WL 3033434, at *1 (W.D. Ky. June 8, 2017) (citing *Rowland v.*

*Cal. Men's Colony Unit II Men's Advisory Council*, 506 U.S. 194 (1993)). These determinations are within the sound discretion of the district court. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (stating that the denial of a petition to proceed IFP is "an exercise of the court's discretion").

II. ANALYSIS

Roberson is unemployed and has no individual monthly earned income. However, Roberson's spouse currently makes $4,000 a month from his employment at Maximum Fleet. (DN 3, at PageID #11.) The couple's personal assets include a home worth approximately $50,000 and two automobiles. (DN 3, at PageID #12.) They have no people relying on them for support. (*Id.*)

Against this monthly income and assets, Roberson identifies $2,058 in total monthly expenses. These recurring expenses include $424 in monthly mortgage payments, $360 for home maintenance, $350 for food, $60 for laundry, $704 for medical and dental expenses, $130 for life insurance, and $30 in credit card installment payments. (DN 3, at PageID #14.) When their $4,000 in gross monthly income is offset by their disclosed monthly expenses of $2,058, the couple has a net disposable monthly income, according to their own application, of $1,942. Roberson indicates that the couple does not expect any major changes to their monthly income or expenses or assets or liabilities during the next 12 months. (DN 3, at PageID #15.)

Courts ordinarily will consider the income and assets of the applicant and his or her close family members to be relevant to the determination of the applicant's indigence under the statute. *Lee v. Walmart stores Inc.*, No 3:92-CV-465 AS, 1993 WL 316756 at *3-4 (N.D. Ind. Aug. 18, 1993) (collecting cases). It therefore has been held to be appropriate for the Court when considering a plaintiff's IFP motion to include the spouse's equity in real property, ownership of automobiles and combined family income in determining the question of indigence. *Mann v. Frank*, 1992 WL 219800 (N.D. Ill Aug. 7, 1992); *Bender v. Defense Logistics Agency*, 1990 WL

96185 (E.D. Pa. July 3, 1990). *See also*, *Auffant v. Paine, Weber, Jackson & Curtis, Inc.*, 538 F. Supp. 1201 (D.P.R. 1982) (the Court should consider the overall financial situation including the assets and liabilities of a spouse in determining whether to grant an in forma pauperis application). Only in cases when a plaintiff does not have access to, nor an independent legal claim on, the income or assets of his or her spouse will consideration of such assets be excluded. *Mohammed v. Louisiana Attorney Disciplinary Board*, 2009 WL 3150041 at *1 n. 1 (E.D. La. Sept. 25, 2009) (citing *Lee v. McDonald's Corp*. 231F.3d 456, 459 (8th Cir. 2000)).

Here, the application gives no indication that Roberson has no legal claim on, nor access to, the assets or income of her spouse. Given the couple's monthly income and disclosed monthly expenses, they appear at present to have a net disposable monthly income of $1,942, or a total annual disposable income after disclosed expenses of $23,304. These circumstances simply do not establish Roberson's indigency in light of the income of her spouse and the couple's identified expenses. Therefore, the Magistrate Judge recommends that the application to proceed without prepayment of fees and costs be denied without prejudice to refile in the event that any significant re-occurring monthly expenses have been omitted inadvertently.

### III.  RECOMMENDATION

Accordingly, the undersigned RECOMMENDS that Roberson's application to proceed without prepayment of fees (DN 3) be **DENIED WITHOUT PREJUDICE**.

Colin H Lindsay, Magistrate Judge
United States District Court

December 12, 2019

cc:  Counsel of record