# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**PAULA ROBERSON** **PLAINTIFF**

**v.** **No. 3:19-cv-813-BJB**

**COMMISSIONER OF SOCIAL SECURITY,** **DEFENDANT**

\*\*\*\*\*

## MEMORANDUM OPINION & ORDER

Plaintiff Paula Roberson filed this lawsuit challenging the Commissioner of Social Security's decision to deny her application for disability benefits. The Court referred this case to Magistrate Judge Colin Lindsay to prepare a report and recommendation. DN 21. Judge Lindsay issued a Report and Recommendation that the Court affirm the Commissioner's decision and dismiss Roberson's complaint. DN 22. Roberson timely objected to that R&R. DN 24. After careful consideration of her objection and the law governing her claims, the Court adopts Judge Lindsay's findings of fact, conclusions of law, and recommended disposition.

### I.

The Social Security Act authorizes payments to those who are disabled or unable "to engage in any substantial gainful activity" for at least 12 months. 42 U.S.C. § 423(d)(1)(A). On October 12, 2016, Roberson applied for insurance benefits, alleging a disability that began on August 1, 2015. Admin. Record (DN 15) at 240–41. The Administrative Law Judge, exercising authority delegated by the Commissioner, conducted a hearing on Roberson's application. *Id.* at 23–47. The ALJ determined, among other things, that Roberson "does not have an impairment … that meets … the severity of one of the listed impairments" in Social Security regulations. *Id.* at 15. And further that Roberson "has the residual functional capacity to perform sedentary work" as defined by those regulations. *Id.* In making these determinations, the ALJ afforded less weight to the medical report of Dr. Johnson, Roberson's treating doctor, than to the report of Dr. Barefoot, a non-treating consulting doctor. *Id.* at 16–17.

Roberson argues the ALJ erred in weighing the testimony and failed to consider uncontradicted evidence regarding Roberson's need to move and shift positions at work. Objections (DN 24) at 2. On these grounds, she asks the Court to reject Judge Lindsay's order affirming the ALJ's decision. *Id.*

## II.

After a magistrate judge has prepared a report and recommendation under 28 U.S.C. § 636(b)(1)(B), a plaintiff may object to it. "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) (quoting *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)). In response to any appropriate objection, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1).

Roberson's filing, however, does not make clear what she objects to. Her filing includes a single substantive paragraph. *See* Objection at 2. It cites no statute, no regulation, and no caselaw that would help the Court understand the nature of her objection. *See id.* Its arguments, though brief, are extremely difficult to follow. On this basis, the Court reasonably could reject Roberson's objection(s?) as forfeited. Particularly in a counseled case, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 996–97 (6th Cir. 1997) (quotation omitted). "Issues"—such as Roberson's—"adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Moore v. Comm'r Soc. Sec.*, 573 F. App'x 540, 543 (6th Cir. 2014) (quotation omitted).

## III.

Roberson's objection, in any event, also fails on the merits. In the Social Security context, the question for the reviewing court is whether the ALJ's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The Court "may not try the case de novo nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). And the Court is not empowered to reweigh the evidence. *Price v. Comm'r Soc. Sec.*, 342 F. App'x 172, 174 (6th Cir. 2009).

But that is just what Roberson asks the Court to do. She objects that "[t]he ALJ gave more weight to [Dr. Barefoot,] the … examining [doctor] than the treating doctor." Objection at 2. According to her objection, the ALJ wrongly discounted Dr. Johnson's finding that she "would need to shift positions while working" and failed to explain his disagreement with this assessment. *Id.*

The crux of Roberson's challenge seems to rest on a general presumption that ALJs usually assign the opinions of treating physicians greater weight than those of non-treating consulting doctors. *See* 20 C.F.R. § 404.1527(c)(2) ("Generally we give more weight to medical opinions from your treating sources."); *Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (same). That is only a presumption, however. The treating doctor's opinion may lack support in the record or contradict other

evidence. *Blakley v. Comm'r Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). And in weighing the treating doctor's opinion, an ALJ may consider whether the opinion is "well-supported by medically acceptable … techniques and is not inconsistent with other substantial evidence." § 404.1527(c)(2). If not, the ALJ may discount that opinion relative to the opinion of a non-treating source—so long as the ALJ gives "good reasons" for doing so. § 404.1527(c)(2)–(3).

As the Report and Recommendation explained (at pp. 5–9), that is what the record indicates the ALJ did here. The report of Dr. Johnson, Roberson's treating doctor, consisted of a series of yes/no questions about Roberson's physical ailments and their implications for her ability to work. Admin. Record at 310–12. According to that checklist, Roberson could "stand/walk" between 0 and 2 hours per day; had intensive limitations on her ability to carry and lift objects of any weight; and required a job permitting her to shift at will between sitting, standing, or walking. *Id.* at 311. Dr. Johnson's report further indicated that Roberson suffers from anxiety, leaving her "[i]ncapable of even 'low stress' jobs." *Id.* at 312.

By contrast, Dr. Barefoot, a non-treating consulting doctor for the Department for Disability Determinations, acknowledged that Roberson complained of "low back pain" and "knee pain." *Id.* at 277. But the Barefoot report concluded that Roberson had full range of motion in her cervical spine, shoulders, elbows, wrists, hips, and ankles, and "did not exhibit any gross instability or significant loss of mobility in either knee." *Id.* at 16–17. Dr. Barefoot further found "no evidence of gross instability" in either knee, and that Roberson was "able to ambulate in the exam room without significant difficulty." *Id.* at 279. And although Dr. Barefoot determined that Roberson "would have difficulty with repetitive squatting, kneeling, crouching and crawling" and would "have difficulty operating machinery" or working "on ladders or scaffolding," her report expressed no opinion on Roberson's need for a job that would allow her to shift positions at will. *Id.*

The ALJ expressly considered Dr. Johnson's findings and listed his many recommendations. *See id.* at 17. His decision then provided "good reason" for affording that opinion "little weight" on the basis that several assertions in the report lacked "evidence in the record." *Id.* Dr. Johnson's report, for example, indicated that Roberson experienced "anxiety severe," which would require absences of more than four days per month. *Id.* at 312. But, as the ALJ noted, Roberson had never been diagnosed with anxiety nor sought treatment for it. *Id.* at 17. And Dr. Johnson's report simply checked "yes," without any explanation, in response to the question whether Roberson "need[s] a job that permits shifting positions *at will* from sitting, standing or walking." *Id.* at 311. This recommendation found no apparent support in any "particula[r] medical signs and laboratory findings" that would require such an accommodation. *See* § 404.1527(c)(3).

Roberson also appears to object that "no evidence" indicates "that [her] condition is static" or that it didn't worsen between the two examinations. Objection

3

at 2. This objection is hard to connect to the underlying decision or the Report and Recommendation. Neither mentions the word "static." Nor did the ALJ address this argument directly. So this Court has no basis (or even capacity) to consider that novel argument in the first instance. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (a party may not raise new arguments for the first time in an objection to a report and recommendation).

Roberson, therefore, has raised no compelling objection to the Magistrate Judge's recommended disposition. Nor is any error apparent to the Court. The Sixth Circuit has made clear that an "ALJ need not perform an exhaustive, step-by-step analysis of each factor" provided in § 404.1527(c)(2), but instead must simply "provide 'good reasons' for … [the] decision not to afford the physician's opinion controlling weight and for [his] ultimate weighing of the opinion." *Biestek v. Comm'r Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017) (citations omitted). The law does not require ALJs to "discuss every piece of evidence in the record," *Thacker v. Comm'r Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004), so long as the decision "implicitly resolve[s]" any conflicts in the evidence, *Loral Def. Sys. Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999).

The ALJ satisfied that obligation in this case by implicitly finding Roberson capable of a slightly broader range of activities than Dr. Johnson's report. His decision ALJ provided sufficient reasons for the judgment in this case. He reviewed Dr. Johnson's report in the light of Dr. Barefoot's report and the rest of the record, and reasonably concluded that Johnson's opinions deserved "little weight" based on several assertions that lacked record support. *See* Admin. Record at 16–17. As the law and regulations allow, the ALJ instead relied more heavily on Dr. Barefoot's report. Substantial evidence supports his credibility determination, and the Court affirms the decision on that basis. *See Smith v. Comm'r Soc. Sec*, 482 F.3d 873, 876–77 (6th Cir. 2007) (affirming ALJ's decision not to give treating doctor's opinion "controlling weight" in light of an inconsistent record); *Price*, 342 F. App'x at 175–76 ("Where the opinion of a treating physician is not supported by objective evidence or is inconsistent with other medical evidence in the record, this Court generally will uphold an ALJ's decision to discount that decision."); *Helm v. Comm'r Soc. Sec.*, 405 F. App'x 997, 1000–01 (6th Cir. 2011) (same).

*****

The Court overrules Roberson's objection (DN 24); adopts Judge Lindsay's findings of fact and conclusions of law, and follows the recommendation (DN 22) to affirm the Commissioner's decision and dismiss this case, which the Court will do by separate order.